**FILED**
10/14/2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED

OCT X 7 2014

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DAVID M. JOHNSON,                            )
                     **PLAINTIFF,**     )
       **-VS-**                              )     14CV7858
                               )     JUDGE THARP JR
                               )     MAG. JUDGE GILBERT
**GREAT WEST CASUALTY COMPANY,**     )
**TANYA JENSEN, BLANE J. BRUMMOND**     )
**and Unknown Defendants,**                 )
                  **DEFENDANTS.**     ) **\*\*JURY DEMANDED\*\***

<u>**VERIFIED COMPLAINT AT LAW**</u>

    **NOW COMES**, Plaintiff **DAVID JOHNSON** individually for his causes of action

against Defendants **GREAT WEST CASUALTY COMPANY ("Great West"), TANYA**

**JENSEN ("JENSEN"), BLANE J. BRUMMOND ("Brummond"),** and unknown defendants,

the following allegations are made upon information and belief, except as to allegations

specifically pertaining to Plaintiff, which are made upon knowledge states as follows:

### NATURE OF THE CLAIMS

    1.    Plaintiff David Johnson ("Plaintiff' or "Plaintiff Johnson") brings this action

against Defendants Great West, Jensen, and Brummond for participating and conspiring to

participate with others in the affairs of Defendant Great West through a pattern of past and

continuing acts involving a scheme to deny Plaintiff because of his disability any insurance in

violation of the American with Disabilities Act, 42 U.S.C. § 12182(a), the Racketeer Influenced

and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 <u>et seq</u>., and other applicable laws.

    2.    Plaintiff Johnson is seeking his lost profits, lost wages, lost bonuses, lost benefits,

loss of society, lost interest, attorney's fees and costs to redress the unlawful policies, practices,

procedures, and customs by Defendants.

### JURISDICTION AND VENUE

    3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331, and 1343 over

Plaintiff's causes of action brought pursuant to the American with Disabilities Act, 42 U.S.C.

§ 12182, *et seq*. ("ADA"), and 18 U.S.C. § 1965. Declaratory relief is authorized under 28

U.S.C. §§ 2201 and 2202.

4.      Plaintiff and Defendant are completely diverse therefore this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  This Court has supplemental jurisdiction over Plaintiff's causes of action under Illinois law arising from the same factual circumstances, events, and transactions pursuant to 28 U.S.C. §1367.

5.      Defendant Great West's insured Michael Dargel acting as the duly authorized employee and/or agent with the scope of his employment at Melton Truck Lines, Inc. disclosed in writing Plaintiff's net compensation of $1.20 cents per mile to which based upon the 55 miles per hour that is the average legal speed limit in the United States, Plaintiff at eleven (11) hours of available drive time each day, in fact earns $725 each day and thus accruing daily for a total lost of $344,124.00 in the 474 days since June 12, 2013.  Plaintiff has accordingly suffered legally cognizable damages in an amount exceeding the $344,124.00 and proximately caused by the unlawful actions of Defendants in violation of ADA, and other applicable laws, as alleged in this Complaint.

6.      Defendants each of them have endorsed, accepted, ratified acquiesced to the written statement by Michael Dargel as set forth in the preceding paragraph, in fact Defendants have transmitted it via facsimile to the Ohio Bureau of Workers' Compensation ("Ohio BWC"), thus the amount in controversy exclusive of interest and costs, exceeds the sum or value of $75,000 and is an action in which Plaintiff is a citizen of a State different from any Defendant.

7.      This Court has personal jurisdiction over Defendants Great West acting by and through its duly authorized employees and/or agents Defendants Jensen, and Brummond because it is authorized to do business and does business in Illinois, Defendants have specifically marketed and sold insurance in Illinois, and has sufficient minimum contacts with this State and/or sufficiently and purposefully avails itself to the markets of this State through its marketing and sales of insurance within this State, to render the exercise of jurisdiction by this Court permissible.

8.      Venue as to Defendants each of them is proper in this Court pursuant to 28 U.S.C. § 1391, and 18 U.S.C. § 1965(a) in that many of the acts and transactions giving rise to this action occurred in this District, Defendants each of them regularly transact business of a substantial and continuous character within the within the Northern District of Illinois, and because Defendant Great West:

a. Is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District through the marketing and sales of insurance in this District through Joe Morten & Sons, Inc. in Willowbrook, Illinois;

b. Does substantial business in this District through Joe Morten & Sons, Inc. in Willowbrook, Illinois; and

c. Is subject to personal jurisdiction in this District because of the marketing and sales of insurance in this District through Joe Morten & Sons, Inc. in Willowbrook, Illinois.

## PARTIES

9.     Plaintiff David Johnson is a citizen of the United States and of the State of Illinois. Plaintiff Johnson is an "employee" as defined by law and covered by the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Illinois Workers' Compensation Act, 850 ILCS § 305/1, et seq. ("Act"), Defendants have identified Plaintiff's disability claim as G50045W522 at all times relevant herein.

10.     At all times mentioned in this complaint, Plaintiff Johnson was and still is, resident of Chicago, Cook County, and a citizen of the United States and the State of Illinois.

11.     Defendant Tanya Jensen ("Jensen") is believed to be a citizen and resident of South Sioux City, in the State of Nebraska, and was acting within the scope of her employment and/or agency at all times as described in this Complaint, except as specifically alleged otherwise. Defendant Jensen is employed by Defendant Great West as a claim's adjuster and is responsible for administering the policies, practices, procedures, and customs by Defendant Great West in compliance with the ADA, and other applicable laws.

12.     Defendant Blane J. Brummond ("Brummond") is believed to be a citizen and resident of South Sioux City, in the State of Nebraska, and was acting within the scope of his employment and/or agency at all times as described in this Complaint, except as specifically alleged otherwise. Defendant Brummond is employed by Defendant Great West as the Deputy General Counsel and is responsible for the supervision and training of Defendant Jensen at all times relevant herein. Defendant Brummond as the Deputy General Counsel is further responsible for making and/or implementing policies and practices used by Defendant Great West in compliance with the ADA, and other applicable laws.

13.     Defendant Great West Casualty Company ("Great West") is a corporation organized and existing under the laws of the State of Nebraska doing business in the State of Illinois as an insurance company at all times mentioned in this complaint engaged in the business of insurance in interstate commerce with its principal place of business at 1100 West 29th Street, South Sioux City, in the State of Nebraska.  Defendant Great West participated in, approved and/or ratified the unlawful acts omissions by the other Defendants complained of herein.

14.     Defendant John Doe is any unknown employee(s) and/or agent(s) of Defendant Melton who will be served upon identification by Defendants, all acts and omissions as alleged herein were duly performed and attributed to all Defendants each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprises and/or under the direction and control of the others, except as specifically alleged otherwise.

## ADMINISTRATIVE PROCEDURES

15.     Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VIII of the American with Disabilities Act of 1990, 42 U.S.C. § 12182(a) by Defendants when the EEOC completes its investigation of the charge and issues Plaintiff notice of right to sue, Plaintiff will seek leave to amend this Complaint to add claims that Defendants violated the ADA as well, notwithstanding any and all other prerequisites to the filing of this suit have been met.

## INSURANCE CLAIM SCHEME

16.     The genesis of this complaint lies in the on-going insurance claim scheme perpetuated by Defendants, upon information and belief Defendants have issued to Melton Truck Lines, Inc. an unenforceable "insurance policy" allegedly insuring the liability imposed under the Act, as a part of this insurance scheme.  Defendants each of them are involved in a scheme to issue an insurance policy without any intention on paying the insurance claims of the disabled throughout the United States, including the State of Illinois.

17.     Defendants profited by, <u>inter alia</u>, collecting premiums on behalf of the employees at Melton Truck Lines, Inc. to which they purportedly issued an insurance policy allegedly in compliance with the Act, albeit Defendants have refused pay to valid disability claims pursuant to the policies, procedures, practices or customs of Defendant Great West in violation of the duties imposed by the Act. Defendants have further profited from defrauding Plaintiff of his chose in action for purposes of reducing compensation rate paid by Defendants under the Act.

18.     Defendants each of them acting through an agreement, or understanding with each other individually or in concert to treat a disabled employee differently and less favorable than a similarly situated individuals who are not disabled, Plaintiff because of his disability was excluded from insurance perpetrated by Defendants through deception, fraud, false pretense, false promise, misrepresentation, or concealment of facts involving the conduct of a trade or business related to insurance, throughout the United States, including in the State of Illinois.

19.     Because a detailed description of the discriminatory, deceptive and misleading actions of Defendants each of them would be repetitive and extremely lengthy, Plaintiff will demonstrate the course of conduct by highlighting key dates and events bearing on the case.

20.     Defendants each of them upon information and belief underwrites an insurance contract purportedly insuring a disabled individual in the State of Illinois that Defendants do not intend on performing in accordance with the duties imposed by law.

21.     Section 1(a) of the Act defines who is an "employer" insured by Defendants for and encompassed under the Act stating in pertinent part as follows:

(a)     The term "employer" as used in this Act means:

1.      The State and each county, city, town, township, incorporated village, school district, body politic, or municipal corporation therein.

2.      Every person, firm, public or private corporation, including hospitals, public service, eleemosynary, religious or charitable corporations or associations who has any person in service or under any contract for hire, express or implied, oral or written, and who is engaged in any of the enterprises or businesses enumerated in Section 3 of this Act, or who at or prior to the time of the accident to the employee for which compensation under this Act may be claimed, has in the manner provided in this Act elected to become subject to the provisions of this Act, and who has not, prior to such accident, effected a withdrawal of such election in the manner provided in this Act.

3. Any one engaging in any business or enterprise referred to in subsections 1 and 2 of Section 3 of this Act who undertakes to do any work enumerated therein, is liable to pay compensation to his own immediate employees in accordance with the provisions of this Act, and in addition thereto if he directly or indirectly engages any contractor whether principal or sub-contractor to do any such work, he is liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub- contractor has insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this Act, or guaranteed his liability to pay such compensation.

22. Defendants nor its insured Melton Truck Lines, Inc. have ever filed and/or prosecuted a complaint against the State of Illinois seeking to declare Section 1(a) of the Act as unconstitutional or otherwise sought any adjudication that Melton Truck Lines, Inc. is not an "employer" and demanding that Plaintiff be excluded from the definition of "employee" under that Act.

23. Defendants each of them knew or should have know that the employer its insured Melton does in fact recruit drivers, such as the Plaintiff in the State of Illinois for the purpose of conducting its business of transporting freight to and from the State of Illinois through numerous contacts within the State of Illinois thus providing sufficient basis for jurisdiction in the State of Illinois exercised over any matter involving the parties, Defendants contend that Illinois lacked jurisdiction over the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act for the purpose of shifting Plaintiff's chose in action to Ohio in order that Ohio should usurp Illinois' jurisdiction in favor of Oklahoma is a scheme to take Plaintiff's chose in action.

24. Section 2 of the Act defines the "jurisdiction" of the Illinois Workers' Compensation Commission (hereinafter referred to as the "Commission") for and encompassed by the Act stating in pertinent part as follows:

Jurisdiction

2. Every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois, persons whose employment results in fatal or non-fatal injuries within the State of Illinois where the contract of hire is made outside of the State of Illinois, and persons whose employment is principally localized within the State of Illinois, regardless of the place of the accident or the place where the contract of hire was made, and including aliens, and minors who, for the purpose of this Act are considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees.

25.     Defendants nor its insured Melton Truck Lines, Inc. have ever filed and/or prosecuted a complaint against the State of Illinois seeking to declare Section 2 of the Act as unconstitutional or otherwise sought any adjudication that Melton Truck Lines, Inc. does not in fact enter into any contract for hire in the State of Illinois within the subject matter of the jurisdiction of the Commission under the Act and demanding that Plaintiff be excluded from the definition of "employee" under that Act.

26.     In fact, the Department of Insurance for the State of Missouri has examined policies, procedures, practices or customs adopted by Defendants referred to the "claim handling practices" finding that among other things, the policies, procedures, practices or customs have violated the duties imposed by law. Notwithstanding, Defendants continue and have continued the policies, procedures, practices or customs in violation of duties imposed by law to pay the claims of a disabled employee throughout the United States, including in Illinois, Defendants rely on a myriad of groundless and baseless excuses that are detailed herein.

27.     Defendants have insured Melton Truck Lines, Inc. who is an employer engaged in soliciting for hire drivers in the State of Illinois, such as the Plaintiff via its corporate website at https://meltonapps.com/profile/6UYNK9/indeed?loc=Chicago&utm_source=Indeed&utm_medi um=organic&utm_campaign=Indeed&utm_source=Indeed&utm_medium=organic&utm_campa ign=Indeed, Defendants' insured Melton does in fact recruit drivers in the State of Illinois for the purpose of conducting its business of transporting freight to and from the State of Illinois through numerous contacts within the State of Illinois. *See e.g., Logan Prod., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996)(holding that if the company intentionally availing itself to the marketplace in the State is sufficient for personal jurisdiction).

28.     Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that its insured Melton solicited, recruited, and extended an offer of employment to drivers, such as Plaintiff in the State of Illinois for purposes of conducting the business of transporting freight to and from the State of Illinois through numerous contacts with shippers and receivers in the State of Illinois.

29.    Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that its insured Melton was entering into an employment agreement with drivers, such as the Plaintiff in the State of Illinois for the purpose of conducting its business of transporting freight to and from the State of Illinois supports the exercise of jurisdiction by Illinois for reasons set forth by the Court in *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1266 (6th Cir. 1996)(holding that defendant purposefully availing himself to the benefits of a State via the Internet was sufficient to grant personal jurisdiction in that state).

30.    Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that its insured Melton did in fact review Plaintiff's qualifications to operate a commercial motor vehicle before making the offer of employment, including but not limited to: (a) the commercial driver's license ("CDL") had been issued by the State of Illinois; (b) the written test for issuance of the CDL was taken and successfully passed in the State of Illinois; (c) the road test for issuance of the CDL was taken and successfully passed in the State of Illinois; (d) the Plaintiff's Department of Transportation ("DOT") drug test was taken and successfully passed by Plaintiff in the State of Illinois; (c) the DOT physical was taken and successfully passed in the State of Illinois; (d) the Plaintiff's safety equipment i.e., steel toe shoes, safety glasses, etc. purchased in the State of Illinois and brought by Plaintiff to the employer's job site; and (e) the fees and costs associated with the aforementioned Plaintiff's performance of the contract for hire were all remitted in the State of Illinois.

31.    Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that all Drivers, such as Plaintiff entering into a contract for hire are in fact at all times post-hire subjected to a drug test, random drug tests, renewal of the DOT physical, a candidate for an additional road test on renewal of the CDL, training, and the likewise throughout the United States including Ohio, Oklahoma, or any other state as a condition of continued post-hire employment as the Driver of a commercial motor vehicle in accordance with federal and state laws.

32.    Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that on or about November 29, 2012, Plaintiff accepted in the State of Illinois a job offered made by its insured Melton resulting in the formation of an employment contract for hire upon acceptance of the offer in the State of Illinois.

It is well-established that the Courts exercised jurisdiction over Plaintiff's claim because the "job offer was made and accepted in Illinois" as held by the Court in *Chicago Bridge & Iron, Inc. v. Industrial Commission,* 248 Ill.App.3d 687, 691, 618 N.E.2d 1143, 188 Ill.Dec. 573 (1993).

33.     Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that on or about May 3, 2013, Plaintiff was injured at work while employed by its insured Melton as reported by Plaintiff on May 5, 2013 and not June 12.

34.     Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that on or about May 5, 2013, Plaintiff has authored a writing notifying Defendants through its insured Melton of the work related injury, Defendants have wrongfully taken possession of Plaintiff's writings about a notification of the work related injury and denied Plaintiff of his own writings as the author thereof at all times relevant herein, Defendants while maintaining wrongful possession of writing authored by Plaintiff providing notification of the work related injury, Defendant have concealed said documents for the purpose of implying that the claim was invalid constituting activities in violation of 720 ILCS § 5/16-1.  See 720 ILCS § 5/16-1, 18 U.S.C. § 1512, 18 U.S.C. § 1513, 18 U.S.C. § 1961, et seq., and 18 U.S.C. § 1961(9).

35.     On or about July 5, 2013, Defendants have received from the employer Melton its insured Plaintiff's claim made under the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act, Defendants have identified Plaintiff's claim as G50045W522 at all times relevant herein.

36.     On or about July 5, 2013, Defendant Jensen acting as the duly authorized employee and/or agent within the scope of her employment by Defendant Great West represented to Mr. Robert Paradis the claim representative at Reliance Standard the insurance company providing Plaintiff's with short term disability that based upon an investigation of the Plaintiff's claim identified as G50045W522 there was a coverage "issue" under the insurance policy identified as WC21114I in fact lasting more than 474 days up and pass the filing of this complaint.

37.     Defendants each of them knew or should have known that the alleged coverage "issue" between Defendants and the employer Melton its insured under the insurance policy is not a defense for refusing to pay Plaintiff's disability claim as held by the Court in *McMahan v. Industrial Commission*, 183 Ill.2d 499, 515, 702 N.E.2d 545, 234 Ill.Dec. 205 (1998), and thus the statement was nothing more than a pretext.

38.     Defendants each of them have refused to furnished Plaintiff or his former attorney a copy of the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act nor any actual provisions thereof, upon information and belief Defendants further concealed said insurance policy from the Commission.

39.     Defendants each of them have failed and refused to furnished Plaintiff or Plaintiff's former attorney with any document(s) supporting the alleged defense(s) to Plaintiff's claim identified as G50045W522 without this litigation or arbitration in Illinois, Ohio, and Oklahoma of Plaintiff's disability claim.

40.     On or about February 5, 2014, and at all times relevant herein Defendants each of them continued to state that based upon an internal investigation of Plaintiff's claim identified as G50045W522 there was a coverage issue under the insurance policy identified as WC21114I and the State of Illinois lacked jurisdiction over Plaintiff's disability claim in the State of Illinois because he attended his post-hire orientation in Ohio.

41.     On or about May 5, 2014, and at all times relevant herein Defendants each of them continued to state that based upon an internal investigation of Plaintiff's claim identified as G50045W522 there was a coverage issue under the insurance policy identified as WC21114I and the State of Illinois lacked jurisdiction over Plaintiff's disability claim in the State of Illinois because he attended his post-hire orientation in Ohio.

42.     Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that the employer Melton its insured made no mention in the offer of employment prior to acceptance by Plaintiff of any document requiring as condition of employment an agreement to the jurisdiction of the State of Ohio for purposes of shifting under Ohio law the jurisdiction of the State of Illinois to the State of Oklahoma.

43.     Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that Section 4123.54 states in pertinent part that: "Every employee, who is injured or who contracts an occupational disease, and the dependents of each employee who is killed, or dies as the result of an occupational disease contracted in the course of employment, wherever such injury has occurred or occupational disease has been contracted, provided the same were not:

(A)     Purposely self-inflicted; or . . .

(H)     Whenever, with respect to an employee of an employer who is subject to and has complied with sections of this chapter, there is possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed. The agreement shall be in writing and shall be filed with the Bureau of Workers' Compensation within ten days after it is executed and shall remain in force until terminated or modified by agreement of the parties similarly filed. If the agreement is to be bound by the laws of this state and the employer has complied with this chapter, then the employee is entitled to compensation and benefits regardless of where the injury occurs or the disease is contracted and the rights of the employee and his dependents under the laws of this state shall be the exclusive remedy against the employer on account of injury, disease, or death in the course of and arising out of his employment.  If the agreement is to be bound by the laws of another state and the employer has complied with the laws of that state, the rights of the employee and his dependents under the laws of that state shall be the exclusive remedy against the employer on account of injury, disease, or death in the course of and arising out of his employment without regard to the place where the injury was sustained or the disease contracted."  Ohio Rev. Code § 4123.54.

44.     Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that Plaintiff as the employee and the employer Melton its insured have had not a single conversation about the "possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio," and thus Section 4123.54 is inapplicable in this case.

- 11 -

45.     Defendants each of them as the result of a reasonable investigation of Plaintiff's claim knew or should have known that the employer Melton's implying that Plaintiff was allegedly terminated for cause, i.e. the commission of a "crime" as opposed wrongfully termination for exercising his right to be off-duty on June 12, 2013, Defendants did not relieved of its obligation for Plaintiff's disability claim arising on May 3, 2013, as held by the Court in *Interstate Scaffolding, Inc. v. Illinois Workers' Compensation Comm'n*, No. 107852, 2010 WL 199914 (Jan. 22, 2010). See generally, *Kelsay v. Motorola, Inc*., 74 Ill. 2d 172, 181, 23 Ill.Dec. 559, 563 384 N.E.2d 353, 357 (Ill. 1978); *Sutton v. Tomco Machining, Inc*., 129 Ohio St.3d 153 ( 2011); 85A O.S. § 7.

46.     On or about September 10, 2014, and at all times relevant herein Defendant Brummond acting as the duly authorized employee and/or agent within the scope of his employment by Defendant Great West to address the action undertaken by Defendant Great represented to the IDOI that the State of Illinois lacked jurisdiction because the contract for hire occurred in Ohio this representation was patently false constituting a misrepresentation by Defendant Brummond, Defendant Brummond as the result of a reasonable investigation of Plaintiff's disability claim knew or should have known that on or about August 19, 2014, the Ohio BWC ruled that the contract for hire was not entered into at the post-hire orientation in Ohio, thus insured's attempt to divest the jurisdiction of the State of Illinois under Ohio law in favor of Oklahoma pursuant to Section 4123.54 is inapplicable in this case.

47.     On or about September 10, 2014, Defendant Brummond acting as the duly authorized employee and/or agent within the scope of his employment by Defendant Great West to address the actions undertaken by Defendant Great represented to the IDOI that Plaintiff's disability claim is invalid is false constituting a misrepresentation by Defendant Brummond as to Plaintiff's disability claim, Defendant Brummond as the result of a reasonable investigation of Plaintiff's disability claim knew or should have known that Plaintiff provided timely notification to the employer on May 5, 2013 immediately after the accident causing the disability that occurred on May 3, 2013 and not June 12, 2013.

48.     On or about September 10, 2014, Defendant Brummond acting as the duly authorized employee and/or agent within the scope of his employment at Defendant Great West to address the actions taken by Defendant Great represented to the IDOI that Plaintiff's disability claim is invalid because Plaintiff who was purportedly terminated for cause in fact

Plaintiff refused to work while disabled and off-duty, Defendant Brummond as the result of a reasonable investigation of Plaintiff's disability claim knew or should have known that the actions by the employer Melton its insured amounted to a wrongful termination as held by the Court in *Interstate Scaffolding, Inc.*

49.     On or September 10, 2014, Defendant Great West acting by and through its duly authorized employees and/or agents according to a letter authored by Defendant Brummond transmitted via facsimile to the IDOI stated that based upon an internal investigation of Plaintiff's claim identified as G50045W522 there was a coverage issue and the State of Illinois lacked jurisdiction over Plaintiff's disability claim because he attended his post-hire orientation in Ohio, Defendants knew or should have known that its insured Melton did in fact availed itself to the jurisdiction of State of Illinois by conducting its business of transporting freight to and from the State of Illinois warranting a cause of action for negligent investigation as held by the Court in *Gibson v. Philip Morris, Inc.*, 292 Ill App 3d 267, 685 NE2d 638 (1997).

50.     The general prohibition of discrimination in Title III provides, in relevant part, that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." See 42 U.S.C. § 12182(a); *Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 563 (7th Cir. 1999)(holding that a business such as an insurance company cannot exclude disabled persons from insurance).

51.     Plaintiff is disabled American as defined by 42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i) because of the "physical or mental impairment that substantially limits one or more major life activities, such as working, and as result Plaintiff an individual having a disability is afforded the protections of the Americans with Disabilities Act ("ADA"). Title III's prohibition of discrimination applies with respect to "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation * * *." 42 U.S.C. § 12182(a). The statute defines "public accommodation" to include an "insurance office" whose operations affect commerce. 42 U.S.C. § 12181(7). An insurance policy is one of the "goods, services, * * * privileges, [or] advantages" offered by an insurance office. See *Doukas v. Metropolitan Life Ins. Co.*, 950 F. Supp. 422, 426 (D. N.H. 1996).

52.     Plaintiff is an American with a disability as defined by 42 U.S.C. § 12102(2)(A), 29 C.F.R. § 1630.2(i) and member of a protected class at all times relevant herein.

53.     On or about May 3, 2013, Plaintiff Johnson became disabled and was no longer able to work.

54.     On or about July 5, 2013, Defendants have admitted receiving Plaintiff's Johnson disability claim stating that he was suffered a work related injury on May 3, 2013 to his left hand Plaintiff was unable to perform the "important duties" of his job on a regular basis and did not know when he would be able to do so, Defendants have received the Plaintiff's disability claim under the insurance policy identified as WC21114I.

55.     Defendants as the result of a reasonable investigation of Plaintiff's disability claim knew or should have known that Plaintiff unable to perform the "important duties" of his job on a regular basis and did not know when he would be able to do so.

56.     Plaintiff in support of his claim provided Defendants with an attending-physician statement who diagnosed Plaintiff with a torn tendon to the left hand requiring medical treatment by physician referred to as a hand-specialist, Defendants have refused to pay for any medical treatment for Plaintiff under the insurance policy.

57.     On or about July 5, 2013, Defendant Jensen acting as the duly authorized employee and/or agent within the scope of her employment by Defendant Great West as a claim adjuster orally denied Plaintiff's disability claim stating that based upon an investigation of the Plaintiff's claim identified as G50045W522 there was a coverage issue under the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act and the State of Illinois allegedly lacks jurisdiction to enforce the insurance policy identified as WC21114I, Defendant Jensen has never sent Plaintiff nor Plaintiff's former attorney any writings about the disability claim.

58.     At all times relevant herein, Defendant Jensen's act of, inter alia, denying insurance to Plaintiff without cause, subsequently concealing the actual insurance policy identified as WC21114I is the expression of an intention to injure, oppress or threaten Plaintiff because of his disability by excluding him from insurance in violation of the ADA, and other applicable laws.

59.    Defendant Jensen's action as set forth above was perpetrated against Plaintiff because of his disability, upon information and belief Defendant Jensen did not subject a similarly situated individual with "Commercial Automobile" insurance to any denial because of an alleged an insurance coverage "issue" thereafter concealing the insurance policy and the provisions thereof, such insurance practices are the adverse actions which "occurred under circumstances that give rise to an inference of discrimination" against Plaintiff because of his disability.

60.    Defendants Jensen's act of excluding Plaintiff from its insurance in the State of Illinois, Ohio, and Oklahoma, Defendant's act of concealing the insurance policy, Defendant Jensen has further expected that Plaintiff because of his disability needed to litigate or arbitrate in Illinois, Ohio and Oklahoma, meanwhile a similarly situated individual with "Commercial Automobile" insurance are not denied the benefits of having insurance in fact Plaintiff's disability was the motivating factor in the adverse action taken against Plaintiff because of his disability.

61.    As a direct and proximate result of the Defendant Jensen's unlawful acts as described herein, Defendants each and every one of them, jointly and severally, but for the exclusion of Plaintiff from insurance because of his disability, inter alia, Plaintiff would not been excluded from insurance, Plaintiff lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose in action in violation of the ADA, and other applicable laws, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest and attorney's fees and costs, for which he is entitled to an award of monetary damages and other relief.

62.    Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish defendants for their wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

63.    Defendant Great West in fact possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the claim handling in compliance with the duties imposed under the ADA, and other applicable laws.

64.    Defendant Great owed Plaintiff a duty not to adopt policies and prescribe rules, regulations and practices affecting the operation of the claim handling procedures at Defendant Great West constituting discrimination in violation of the ADA, and other applicable laws.

65.    Defendant Brummond owed plaintiff a duty not to perform his job responsibilities affecting the operation of the claim handling procedures at Defendant Great West in violation of the ADA, and other applicable laws.

66.    At all times herein mentioned, Defendants each of them individually or in concert were employees acting under the Defendant Great West's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the ADA, and other applicable laws, which customs, policies, practices and usages at all times herein mentioned required and encouraged the exclusion of Plaintiff because of his disability from insurance.

67.    Defendant Brummond in his capacity as Deputy General Counsel has implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees of Defendant Great West to exclude American with a disability from insurance in violation of the ADA, and other applicable laws.

68.    Defendants Jensen and Brummond have admitted in their understanding of policies, customs, practices and usages at Defendant Great West are that after a disability claim has been noticed the insured may prepare a document retroactively back dating Plaintiff's disability claim timely noticed on May 5, 2013 to June 12, 2013, Defendant Great West's failure to adequately train and supervise its employees amounts to the deliberate indifference in violation the ADA, and other applicable laws.

69.    Defendants Jensen and Brummond have failed to act in response to repeated complaints that Defendant Great West's claim handling procedures for a disability claim violated the duties imposed by law, Defendant Great West's failure to adequately train and supervise its employees amounts to the deliberate indifference in violation of the ADA, and other applicable laws.

70.     Defendant Great West knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread abuses, failing and refusing impartially to investigate, discipline employees who commit acts of discrimination against an individual with a disability thus the discriminatory acts are ratified, condoned, and approved by Defendant Great West.

71.     Defendant Great West is the official policymaker with the authority to reject any findings of the Department of Insurance in Missouri and throughout the United States that the claim handling procedures violated the duties imposed by law for purposes of endorsing the unlawful actions of Defendants Jensen and Brummond constitute official public policy of Defendant Great West.  Defendant Great West has by endorsing the actions of Defendants Jensen and Brummond individually and collectively, which includes without limitation, failing to monitor the activities of Defendants, failing to monitor investigations and evidence preservation in fact violated Plaintiff's rights under the ADA, and other applicable laws.

72.     As a direct and proximate result of the deliberate indifference to Plaintiff's rights as described herein by Defendant Great West, and its agents, servants and employees, each and every one of them, jointly and severally, but for the unlawful acts in violation of the duties imposed by the ADA, inter alia, Plaintiff would not have been excluded from insurance, Plaintiff lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose in action in violation of the ADA, and other applicable laws, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest, attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

73.     Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff protected by the ADA, and other applicable laws, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish defendants for their wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

74.     At all times relevant herein, Defendant Great West is an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c) engaged in, or the activities of which affect, interstate or foreign commerce and Plaintiff's as the operator of a commercial motor vehicle interstate affected interstate or foreign commerce within the meaning of 18 U.S.C. § 1962(c). Defendants Jensen, Brummond were employed by the enterprise and Defendants each of them conducted or participated in the conduct of the enterprise through that pattern of racketeering activity through the commission of at least two acts of racketeering activity as set forth in this Complaint.

75.     Defendant Jensen in stating that the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act is unenforceable in the State of Illinois because the State of Illinois allegedly lacked jurisdiction over the employer Melton its insured that conducted the business of transporting freight to and from the State of Illinois through numerous contacts was made for purpose of, inter alia, intimidation with regard to Plaintiff of his chose in action, Plaintiff made to perform his contract of hire in Ohio or Oklahoma and omit the performance of in Illinois, and Defendant Brummond for the purpose of obtaining of Plaintiff's chose in action with his consent induced by wrongful use of statement accusing Plaintiff of a "crime" causing fear are the acts of intimidation and extortion by Defendants which are crimes in the State of Illinois during the ten (10) calendar years preceding July 5, 2013.  See United States v. Adler, 186 F.3d 574, 576 (4th Cir. 1999)(noting that the plaintiff "clearly had a property interest in the chose in action"); 720 ILCS 5/§ 12-6.1; 18 U.S.C. § 1951(b)(2); 18 U.S.C. §§ 1961(4), 1962(c) and 1962(d).

76.     On or about July 5, 2013, Defendant Jensen did inflict economic injuries upon Plaintiff through use of fraud, and extortion as described above transmitting her statements, upon information and belief via mail and/or facsimile to Plaintiff's former attorney, and Reliance Insurance Company that the insurance policy identified as WC21114I allegedly does not cover Plaintiff's disability claim, and the State of Illinois allegedly lacks jurisdiction to enforce the insurance policy, the statements were untrue, and Defendant Jensen made the representations to Plaintiff, and Plaintiff's former attorney without any reasonable ground for believing them to be true or knew they were untrue constituting mail fraud, wire fraud, tampering with a witness done in furtherance and necessary part of the scheme, Defendant Jensen has violated 18 U.S.C.§ 1341, 18 U.S.C. § 1512, and 18 U.S.C. § 1513 constituting at

- 18 -

least two (2) RICO predicate acts committed by Defendant, and Plaintiff has suffered economic injuries as a result of the fact that the affairs of Enterprise were conducted through this pattern of racketeering activity.

77.     On or about September 19, 2014, Defendant Brummond did inflict economic injuries upon Plaintiff through use of fraud, and extortion as described above transmitting his statements via facsimile to IDOI that the insurance policy identified as WC21114I purportedly does not cover Plaintiff's disability claim, and Illinois allegedly lacks jurisdiction to enforce the insurance policy, the statements were untrue, and Defendant Brummond made the representations to the IDOI without any reasonable ground for believing them to be true or knew they were untrue constituting mail fraud, wire fraud, tampering with a witness done in furtherance and necessary part of the scheme, Defendant Brummond has violated 18 U.S.C.§ 1341, 18 U.S.C. § 1512, and 18 U.S.C. § 1513 constituting at least two (2) RICO predicate acts committed by Defendant, and Plaintiff has suffered economic injuries as a result of the fact that the affairs of Enterprise were conducted through this pattern of racketeering activity.

78.     Defendants Jensen, and Brummond as acting the duly authorized employees and/or agents within the scope of employment with Defendant Great West did commit two (2) or more of the offenses itemized above in a manner posing the "specific threat of repetition" in the future for one obvious reason: the scheme to deprive Americans with disabilities of insurance through use of fraud, extortion, the mail, and facsimile did not cease to exist when the Defendants excluded Plaintiff from insurance because of his disability as the three (3) separate incidents of intimidation and a maliciously used administrative process in the State of Illinois and Ohio are systemic and demonstrate that extortion by Defendants each of them is the "regular way of doing business" for the RICO Enterprises, notwithstanding Defendants each of them operate the Enterprise as "long-term association that exists for criminal purposes" that routinely perpetrated fraud, threats, and extortion for purposes of inflicting economic injuries against American with disabilities, in fact Defendants Jensen and Brummond have conducted and/or participated in conducting the affairs of an Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962 (c).

79.     Defendants each of them did commit two (2) or more of the offenses itemized in this Complaint above for the same and common purpose of excluding Plaintiff because of his disability from insurance through use of fraud, extortion, the mail, and the facsimile, notwithstanding the predicate acts are interrelated by distinguishing characteristics of a disability so that the acts by Defendants each of them are not isolated events in that criminal activities against Plaintiff because of his disability are related to the exclusion of Plaintiff because of his disability from insurance, and Plaintiff because of his disability has suffered economic injuries as a result of the fact that the affairs of Enterprise were conducted through this pattern of racketeering activity in violation of 18 U.S.C. § 1962 (c).

80.     Plaintiff Johnson was injured in his property, inter alia, Plaintiff's chose in action by reason of the violations of 18 U.S.C. § 1962(c), as result of the unlawful acts as described above, but for pattern of racketeering by Defendants each of them in violation of 18 U.S.C. § 1962 (c), Plaintiff would not have suffered the economic injuries in his property as described above, nor Defendants would have profited from defrauding Plaintiff of his chose in action, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest, attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

81.     As a direct and proximate result of the unlawful acts as described herein by Defendants, each and every one of them, jointly and severally in violation of 18 U.S.C. § 1962, but for the pattern of racketeering by Defendants each of them in violation of 18 U.S.C. § 1962 (c), Plaintiff would not have suffered the economic injuries in his property as described above, Defendants would have profited from defrauding Plaintiff of his chose in action, Plaintiff has suffered and continues to suffer injuries in his property for which he is entitled to an award of monetary damages and other relief.

82.     The Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendants for this wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

**COUNT I**
**UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES IN**
**VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE**
**PRACTICES ACT, 815 ILCS § 505/1 et seq.**
**(PLAINTIFF AGAINST ALL DEFENDANTS)**

83.    Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

84.    Defendants each of them representing that the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act followed by misrepresenting to the disabled that said policy is unenforceable in the State of Illinois because purportedly the State of Illinois lacked jurisdiction over the employer Melton its insured that conducted the business of transporting freight to and from Illinois through numerous contacts, Defendants' attempt to wrongfully usurp the jurisdiction of the State of Illinois under Ohio law in favor of Oklahoma, then continuing to misrepresent that Ohio had jurisdiction instead of Illinois even after Ohio ruled based upon of the post-hire orientation it did not, meanwhile concealing the insurance policy and the provisions thereof for the purpose of deceiving Plaintiff because of his disability, along with suppressing evidence of the timely notice of Plaintiff's disability claim while employed at the insured constitute deceptive acts and/or practices by Defendants in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*. prohibiting unlawful, unfair or fraudulent business practices in the conduct of trade or business.

85.    Defendants each of them intended Plaintiff to rely on the deception and Plaintiff did rely on the deception and filed his disability claim in the State of Ohio only to have it rejected by the Ohio BWC for lack of jurisdiction and discovering that Defendants' only reason for misleading Plaintiff, Plaintiff's former attorney, and the Commission to believe that Ohio had jurisdiction was for the purpose of usurping the jurisdiction of the State of Illinois under Ohio law in favor of Oklahoma benefiting Defendants and its insured a corporation from Oklahoma but conducting its trade or business in Illinois.

86.    The deception by Defendants occurred in the course of conduct involving trade or commerce of insurance affecting interstate commerce, Defendants engage in deceptive activities with respect to the business of insurance the following particulars:

- 21 -

(a) Knowingly misrepresenting to claimants and insureds that the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act does not cover employees under the Act, Defendants knew the employer Melton its insured was hiring employees, such as Plaintiff in Illinois for the purpose of conducting a trade or business in the State of Illinois;

(b). the insurer refused to acknowledge the Plaintiff's and Plaintiff's former attorney's prompt and repeated communications regarding a defense to the Plaintiff's disability, Defendants concealed the document purportedly agreeing to Ohio jurisdiction. See *Employers Insurance of Wausau v. Ehico Liquidating Trust*, 186 Ill.2d 127, 708 N.E.2d 1122, 237 Ill.Dec. 82 (1999);

(c) the insurer refused to acknowledge the Plaintiff's communications requesting payment of the claim or arbitration in Illinois, Ohio, or Oklahoma instead Defendants appeared before the Ohio Bureau of Workers' Compensation similar to State of Illinois the State of Ohio also lacked jurisdiction over Plaintiff's disability claim. See *Millers Mutual Insurance Association of Illinois v. House*, 286 Ill.App.3d 378, 675 N.E.2d 1037, 221 Ill.Dec. 613 (5th Dist. 1997);

(d) the insurer failed to respond to the plaintiff's request for payment and information concerning the status of the claim for more than 90 days from the initial filing of Plaintiff's claim on or about July 5, 2013 to October 3, 2013. See *Norman v. American National Fire Insurance* Co., 198 Ill.App.3d 269, *555* N.E.2d 1087, 144 Ill.Dec. 568 (5th Dist. 1990);

(e) the insurer ignored repeated attempts by Plaintiff to set up a meeting to discuss the dispute. See *Mohr v. Dix Mutual County Fire Insurance Co.*, 143 Ill.App.3d 989, 493 N.E.2d 638,97 Ill.Dec. 831 (4th Dist. 1986);

(f) the insurer has delayed more that 15 months in paying Plaintiff's disability claim it acknowledged and identified as G50045W522 pending a determination of whether the employer Melton its insured conducting the business of transporting freight to and from the State of Illinois through numerous contacts within the State of Illinois is sufficient basis for the jurisdiction of the State of Illinois under the Act. See *Craft v. Economy Fire &Casualty Co.*, 572 F.2d 565, 571 (7th Cir. 1978);

(g) the insurer continues and has continued to litigate or seek arbitration of Plaintiff's disability claim even after the Ohio Bureau of Workers' Compensation ruled Plaintiff arrived in Ohio for post-hire orientation meaning that he entered the contract for hire in the State of Illinois. See *Siwek v. White*, 388 Ill.App.3d 152, 905 N.E.2d 278, 328 Ill.Dec.744 (1st Dist. 2009);

(h) the insurer has failed to conduct an investigation into Plaintiff disability claim and simply parroted the inaccurate information received from the employer Melton its insured regarding the disability claim. See *Smith v. Equitable Life Assurance Society of United States*, 67 F.3d 611 (7th Cir. 1995); and

(i) the insured refused and failed to respond to Plaintiff's offer to settle the claim for an amount equal to or less than the policy limits. See *Haddick v. Valor Insurance*, 198 Ill.2d 409, 763 N.E.2d 299, 261 Ill.Dec. 329 (2001); *California Union Insurance Co. v. Liberty Mutual Insurance Co.*, 930 F.Supp. 317 (N.D.Ill.1996).

87.     As a direct and proximate result of the unlawful acts as described herein by Defendants, each and every one of them, jointly and severally in violation of 815 ILCS § 505/1 *et seq.*, but for the bad faith, inter alia, Plaintiff would not have been excluded from insurance in violation of the ADA, and other applicable laws, Plaintiff has lost the probable economic benefits of prospective employment, Plaintiff has lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest attorney's fees, and costs for which he is entitled to an award of monetary damages and other relief.

88.     The Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendants for this wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

## COUNT II
## BAD FAITH
## (PLAINTIFF AGAINST ALL DEFENDANTS)

89.     Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

90.     The law imposed duties on Defendants each of them to fulfill its post-claim obligations towards Plaintiff a third party as held by the Court in *Prisco Serena Sturm Architects, Ltd. v. Liberty Mutual Insurance Co.*, 126 F.3d 886, 894 (7th Cir. 1997), in connection with Plaintiff's disability claim made under the insurance policy.

91.     On or July 5, 2013, Defendants each of them breached the duties imposed by law in connection with Plaintiff's disability claim by, inter alia, (a) denying the disability claim based upon an internal investigation of Plaintiff's claim identified as G50045W522 there was a coverage issue and the State of Illinois lacked jurisdiction over Plaintiff's disability claim because he attended his post-hire orientation in Ohio, when its insured did in fact availed itself to the jurisdiction of State of Illinois by conducting its business of transporting freight to and from the State of Illinois and there is not evidence that Ohio had jurisdiction over the disability claim; (b) failing to investigate the there was a coverage issue and the State of Illinois lacked jurisdiction over Plaintiff's disability claim because he attended his post-hire orientation in Ohio; and (c) interpreting the insurance policy as excluding Plaintiff from insurance coverage; (d) refusing to respond to a settlement offer by Plaintiff or Plaintiff's former attorney was unreasonable and vexatious in bad faith. See *Roberts v. Western-Southern Life Insurance Co.,* 568 F.Supp. 536, 556 (N.D.Ill. 1983); *McGee v. State Farm Fire & Casualty Co.,* 315 Ill.App.3d 673, 734 N.E.2d 144, 151, 248 Ill.Dec. 436 (2d Dist. 2000).

92.     Defendants each of them breached the duties imposed by law in connection with Plaintiff's disability claim to act in good faith and fair dealing, and by reason of the continuous nature of conduct set forth above, Defendants engage in deceptive activities with respect to the business of insurance the following particulars:

(a) Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;

(b) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(c) Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;

(d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(e) Engaging in activity which results in a disproportionate number of meritorious complaints against the insurer received by the Insurance Department;

(g) Engaging in activity which results in a disproportionate number of lawsuits to be filed against the insurer or its insureds by claimants;

(h) Refusing to pay claims without conducting a reasonable investigation based on all available information;

(i) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(j) Attempting to settle a claim for less than the amount to which a reasonable person would believe the claimant was entitled...;

(k) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

(l) Delaying the investigation or payment of claims by requiring an insured, a claimant, or the physicians of either to submit a preliminary claim report and then requiring subsequent submission of formal proof of loss forms, resulting in the duplication of verification;

(m) Failing in the case of the denial of a claim or the offer of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement;

(n) Failing to provide forms necessary to present claims within 15 working days of a request with such explanations as are necessary to use them effectively;

(o) Failing to affirm or deny liability on claims within a reasonable time and shall offer payment within 30 days of affirmation of liability, if the amount of the claim is determined and not in dispute. For those portions of the claim which are not in dispute and for which the payee is known, the company shall tender payment within said 30 days; and

(p) Failing to maintain adequate procedures for claims processing shall be such that notice of claim and proofs of loss submitted against one policy issued by that company shall fulfill the insured's obligation under any and all similar policies issued by that company and specifically identified by the insured to said company to the same degree that the same form would be required under any similar policy.

93.  As a direct and proximate result of the unlawful acts as described herein by Defendants, each and every one of them, jointly and severally in breach of the duties of good faith and fair dealing as described herein, inter alia, Plaintiff would not have been excluded from insurance in violation of the ADA, and other applicable laws, Plaintiff has lost the probable economic benefits of prospective employment, Plaintiff has lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose, Plaintiff has suffered and continues

to suffer severe mental anguish and emotional distress, including but not limited to lost profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest, attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

94.     Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff to his medical treatment, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish defendants for their wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

## COUNT III
## NEGLIGENT MISREPRESENTATION
## (PLAINTIFF AGAINST DEFENDANT JENSEN)

95.     Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

96.     The law imposed duties on Defendant each of them to fulfill its post-claim obligations towards Plaintiff as held by the Court in *Prisco Serena Sturm Architects*, in connection with Plaintiff's disability claim made under the insurance policy identified as WC21114I, Defendants have identified Plaintiff's claim as G50045W522.

97.     Defendant Jensen has told Plaintiff, Plaintiff's former attorney, and Reliance Insurance that the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act allegedly does not cover Plaintiff's disability claim identified Plaintiff's claim as G50045W522 because he was allegedly hired in Ohio, and the State of Illinois allegedly lacks jurisdiction to enforce the insurance policy, the statements were untrue, and Defendant Jensen made the representations to Plaintiff, Plaintiff's former attorney, Reliance Insurance without any reasonable ground for believing them to be true or knew they were untrue or were made recklessly and without regard for their truth that the contract for hire was entered into in the State of Illinois by the insured Melton for the purpose of conducting its business of transporting freight to and from the State of Illinois.

98.     Defendants each of them made these representations for the purpose of inducing Plaintiff to rely upon them and to act or refrain from acting in reliance upon them in bring this action against Defendant Great West.

99.    If Defendant Jensen's misrepresentations were not intentionally or recklessly made, then Defendant Jensen was negligent in making false, incomplete, and misleading statements, Plaintiff relied on those misrepresentations.

100.    The factual representations by Defendant Jensen were material and were false and misleading, Defendant Jensen made the representations without any reasonable ground for believing them to be true in fact the Ohio BWC ruled that the post-hire orientation in Ohio followed the contract of hire entered into in the State of Illinois, and thus Defendant Jensen failed to exercise reasonable care or competence in making these representations and in ascertaining or failing to ascertain the truth or falsity of her representations.

101.    Defendant Jensen made these false, misleading, and incomplete representations of fact with the intent to influence the actions of Plaintiff and other employees filing claims against its insured Melton.

102.    Plaintiff reasonably and justifiably relied on Defendant Jensen's misrepresentations in filing the disability claim in the State of Ohio as described in the Complaint and Defendant Jensen knew that Plaintiff and other employees would rely on such representations.

103.    At the time Plaintiff acted he was unaware of the true facts and would have acted differently if he had known the true facts that Defendants did not plan on paying the disability claim and concealed a copy of the insurance policy for defrauding Plaintiff of his chose in action.

104.    The insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act is essentially worthless, upon information and belief the employer Melton is self-insured in the State of Illinois and Oklahoma.

105.    As a direct and proximate result of the unlawful acts, Plaintiff's reliance upon Defendant Jensen's misrepresentations as described herein, but for the statements constituting a misrepresentation, inter alia, Plaintiff would not have the probable economic benefits of prospective employment, Plaintiff has lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest, attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

106.    The Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendants for this wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### (PLAINTIFF AGAINST DEFENDANT BRUMMOND)

107.    Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

108.    The law imposed duties on Defendant Brummond to fulfill his post-claim obligations towards Plaintiff as held by the Court in *Prisco Serena Sturm Architects.*.

109.    Defendant Brummond has told Plaintiff, Plaintiff's former attorney, and the IDOI that the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act allegedly does not cover Plaintiff's disability claim identified Plaintiff's claim as G50045W522 because he was allegedly hired in Ohio, and the State of Illinois allegedly lacks jurisdiction to enforce the insurance policy, the statements were untrue, and Defendant Brummond made the representations to Plaintiff, Plaintiff's former attorney, and IDOI without any reasonable ground for believing them to be true or knew they were untrue or were made recklessly and without regard for their truth that the contract for hire was entered into in the State of Illinois by the insured Melton for the purpose of conducting its business of transporting freight to and from the State of Illinois through numerous contacts within the State of Illinois.

110.    In fact, Defendant Brummond has later professed to have considered Plaintiff's disability claim invalid because the insured terminated Plaintiff allegedly for cause on June 12, 2013, the statements were untrue, and these Defendants made the representations to Plaintiff, Plaintiff's former attorney, and IDOI without any reasonable ground for believing them to be true or knew they were untrue or were made recklessly and without regard for their truth, Plaintiff timely reported on May 5, 2013 and he was terminated on June 12, 2013 for refusing to work while disabled and off-duty.

111.    Defendants each of them made these representations for the purpose of inducing Plaintiff to rely upon them and to act or refrain from acting in reliance upon them in bring this action against Defendant Great West.

112.    If Defendant Brummond's misrepresentations were not intentionally or recklessly made, then Defendant Brummond was negligent in making false, incomplete, and misleading statements, Plaintiff relied on those misrepresentations.

113.    The factual representations by Defendant Brummond were material and were false and misleading, Defendant Brummond made the representations without any reasonable ground for believing them to be true, in fact the Ohio BWC ruled that the post-hire orientation in Ohio followed the contract of hire entered into in Illinois, thus Defendant Brummond failed to exercise reasonable care or competence in making these representations and in ascertaining or failing to ascertain the truth or falsity of his representations about the jurisdiction of Illinois.

114.    Defendant Brummond made these false, misleading, and incomplete representations of fact with the intent to influence the actions of Plaintiff and other employees filing disability claims against its insured Melton.

115.    Plaintiff reasonably and justifiably relied on Defendant's misrepresentations in filing the disability claim in the State of Ohio as described in the Complaint and Defendant Brummond knew that Plaintiff and other employees would rely on such representations.

116.    At the time Plaintiff acted he was unaware of the true facts and would have acted differently if he had known the true facts Defendants had no intention of paying Plaintiff's disability claim.

117.    As a direct and proximate result of the unlawful acts, Plaintiff's reliance upon Defendant Brummond's misrepresentations as described herein, but for the statements constituting a misrepresentation, inter alia, Plaintiff would not have lost the probable economic benefits of prospective employment, Plaintiff has lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest, attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

118.   The Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendants for this wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

## COUNT V
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
## (PLAINTIFF AGAINST ALL DEFENDANTS)

119.   Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

120.   At all times mentioned herein Plaintiff, the employer Melton insured by Defendants, and any other prospective future employer had an oral, written, and implied-in-fact contract for employment with the probability of future economic benefit to Plaintiff.

121.   At all times relevant hereto, Defendants each of them were aware of the contractual relationship between Plaintiff as a Driver with the employer Melton its insured and/or any other future employer, Defendants were aware of the terms of that contractual relationship.

122.   Defendants each of them knew or should have know that if they did not act with due care, their actions would interfere with the contractual relationship and cause Plaintiff to lose in whole or in part the probable economic benefit or advantage of his contractual relationship any employer, including Melton.

123.   As described in the complaint, Defendants each of them through an agreement, or understanding with each other individually or in concert engaged in intentional acts designed to induce a breach or disruption of the contractual relationship and employment of Plaintiff by depriving, _inter alia_, Plaintiff of medical treatment for the disability nor and any reasonable accommodation under the insurance policy identified as WC21114I.

124.   Defendants each of them have engaged in the conduct described herein, _inter alia_, in violation of the ADA, and other applicable laws with the intent, and having the effect of terminating Plaintiff's contractual relationship with Defendant Melton, and/or any other future employer, and thus Plaintiff has not received the benefits to be derived under the employment Agreement.

125.   As a direct and proximate result of the unlawful and intentional acts of these Defendants, as described herein, each and every one of them, jointly and severally, but for the acts constituting an interference with Plaintiff's probable economic benefit or advantage of his contractual relationship with any employer, <u>inter alia</u>, Plaintiff would not lost the probable economic benefits of prospective employment, Plaintiff has lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest and attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

126.   Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendants each of them for their wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

## COUNT VI
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (PLAINTIFF AGAINST ALL DEFENDANTS)

127.   Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

128.   Plaintiff has an employment agreement and an economic relationship with Defendant Melton and/or any other future employer, and the contractual relationship had the probability of substantial economic benefit to Plaintiff in fact according to Michael Dargel, Plaintiff's net compensation of $1.20 cents per mile to which based upon the 55 miles per hour that is the average legal speed limit in the United States, Plaintiff at eleven (11) hours of available drive time each day, in fact earns $725 each day and thus accruing daily for a total lost of $344,124.00 in the 474 days since June 12, 2013, excluding the defined benefit contribution, interest, dividends, and gains on said amount.

129.    At all times mentioned herein Defendants each of them knew or should have known Plaintiff, the employer Melton insured by Defendants, and any other prospective future employer had an oral, written, and implied-in-fact contract for employment with the probability of future probable economic benefit to Plaintiff.

130.    Defendants each of them knew or should have know that if they did not act with due care, their actions would interfere with and cause Plaintiff to lose in whole or in part the probable economic benefit or advantage of his contractual relationship any employer, including Melton.

131.    At all times relevant herein, Defendants Jensen, Brummond each of them individually and collectively as the duly authorized employees and/or agent acting within the scope of their employment at Defendant Great West willfully, deliberately, and tortiously interfered with the economic relationship by, inter alia, failing to provide medical treatment for Plaintiff's disability under the insurance policy thus exacerbating the injury.

132.    Defendants each of them have engaged in the conduct described herein with the intent, and having the effect of terminating Plaintiff's economic relationship with Defendant Melton, and/or any other future prospective employer by failing to provide medical treatment under the policy and exacerbating the injury, and thus Plaintiff has not received the economic benefits to be derived from his employment at Plaintiff's net compensation for a total lost of $344,124.00 in the 474 days since June 12, 2013, excluding the defined benefit contribution, interest, dividends, and gains on said amount.

133.    As a direct and proximate result of the unlawful and intentional acts of these Defendants, as described herein, each and every one of them, jointly and severally, but for the acts constituting an interference with Plaintiff's probable future economic benefit or advantage of his contractual relationship any employer, inter alia, Plaintiff would not have lost the probable economic benefits of prospective employment, Plaintiff has lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest, attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

134.    Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish defendants for their wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (PLAINTIFF AGAINST ALL DEFENDANTS)

135.    Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

136.    Defendant Jensen, Defendant Brummond, individually and collectively acting as the duly authorized employees and/or agents within the scope of her employment at Defendant Great West engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff involving his disability, as described in this Complaint. Defendants have represented to the IDOI that the insurance policy identified as WC21114I allegedly does not cover Plaintiff's disability claim because he was purportedly hired in Ohio, and the State of Illinois allegedly lacks jurisdiction to enforce the insurance policy identified as WC21114I, the statements were untrue, Defendants made the representations to Plaintiff, Plaintiff's former attorney, and the IDOI without any reasonable ground for believing them to be true or knew they were untrue or were made recklessly and without regard for their truth. See _Wagoner v. Pfizer, Inc._, 391 Fed. Appx. 701 (10th Cir. 2010)(holding that an employer's knowing submission of a false report about an employee to a government agency is sufficient to state a claim of outrage).

137.    By the conduct alleged above, Defendants each of them, acted outrageously, with the intention to cause, or with reckless disregard of the probability of causing Plaintiff severe emotional distress to Plaintiff in violation of the Act, and other applicable laws, leaving plaintiff without his insurance, medical treatment, income, and which Defendants knew that Plaintiff derived from his employment with any employer. This conduct, which was unprivileged constituting negligent investigation of Plaintiff's disability claim as held by the Court in _Gibson v. Philip Morris, Inc._, 292 Ill App 3d 267, 685 NE2d 638 (1997).

138.   As described in this Complaint, the conduct by Defendants was intended to cause plaintiff emotional distress or was done with reckless disregard of the probability of causing Plaintiff emotional distress.

139.   Plaintiff has suffered severe or extreme emotional distress and was injured by the actions of Defendants, as described above. Defendants each of them intended to injure Plaintiff representing that the insurance policy identified as WC21114I reported to the State of Illinois as insuring the liability under the Act allegedly does not cover Plaintiff's disability claim identified Plaintiff's claim as G50045W522, the statements were untrue, Defendants made the representations to Plaintiff, Plaintiff's former attorney, and the IDOI without any reasonable ground for believing them to be true or knew they were untrue or were made recklessly and without regard for their truth to which Plaintiff has suffered humiliation, embarrassment, mental anguish, and emotional distress.

140.   As a direct and proximate result of extreme and outrageous acts of Defendant each of them as described herein, but for the extreme and outrageous acts, inter alia, Plaintiff would not have been excluded from insurance in violation of the ADA, and other applicable laws, Plaintiff has lost the probable economic benefits of prospective employment, Plaintiff has lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest, and attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

141.   Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish defendants for their wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

## COUNT VIII
## CIVIL CONSPIRACY
## (PLAINTIFF AGAINST ALL DEFENDANTS)

142.    Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

143.    Defendants Jensen, and Brummond acting as the duly authorized employees and/or agents within the scope of their employment by Defendant Great West, Defendants each of them have unlawfully, knowingly, and willfully combined, conspired, confederated and agreed together with others for the purpose of depriving Plaintiff of his chose in action, excluding Plaintiff because of his disability from insurance in violation of the ADA, and other applicable laws.

144.    Each of the Defendants and their co-conspirators agreed to participate in a common scheme perpetrated against Plaintiff, Defendants each of them knowingly or intentionally participated in the plan for purposes of, inter alia, and depriving Plaintiff of his chose in action, and excluding Plaintiff because of his disability from insurance in violation of the ADA, and other applicable laws.

145.    Defendant Jensen acting as the duly authorized employee and/or agent within the scope of her employment with Defendant Great West, the overt acts in furtherance of the conspiracy by Defendants Great West, and Brummond individually or in concert with other Defendants are more particularly above in this complaint, inter alia, Defendant Jensen for the purpose of excluding Plaintiff because of his disability from insurance, and depriving Plaintiff of his chose in action falsely stated that there was an coverage issue and the State of Illinois allegedly lacks jurisdiction to enforce the insurance policy.

146.    Defendant Brummond acting as the duly authorized employee and/or agent within the scope of his employment at Defendant Great West, the overt acts in furtherance of the conspiracy by Defendants Great West, and Jensen individually or in concert with other Defendants are more particularly above in this complaint, inter alia, Defendant Brummond for the purpose of depriving Plaintiff of his chose in action, and excluding Plaintiff from insurance because of his disability stated that the State of Illinois allegedly lacks jurisdiction to enforce the insurance policy even after the Ohio rejected the argument that Plaintiff entered into the contract for hire in Ohio instead of Illinois.

147.  As a direct and proximate result of the unlawful acts as described herein, the conspiracy by the Defendants, the overt act done in furtherance of the conspiracy by Defendants each and every one of them, jointly and severally, but for the conspiracy, <u>inter alia</u>, Plaintiff would not have been excluded from insurance in violation of the ADA, and other applicable laws, Plaintiff has lost the probable economic benefits of prospective employment, Plaintiff has lost the benefits of insurance elsewhere, Plaintiff would not have lost the medical expenses for his disability, nor Defendants would have profited from defrauding Plaintiff of his chose, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to lost, profits, lost wages, lost back pay and front pay, lost bonuses, lost benefits, loss of society, lost interest, attorney's fees and costs for which he is entitled to an award of monetary damages and other relief.

148.  Defendants each of them have acted as stated herein with the deliberate indifference for the rights of Plaintiff, and engaged in malicious actions that were designed to injure Plaintiff, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendants each of them for their wrongdoing and to deter similar conduct in the future as well as actual damages for the detriment caused by the conduct of Defendants.

**WHEREFORE**, Plaintiff David Johnson respectfully requests entry of a judgment against Defendants **GREAT WEST CASUALTY COMPANY, TANYA JENSEN, BLANE J. BRUMMOND,** and all of them, jointly and severally, as follows:

(1)  For general and special damages according to proof at trial;

(2)  For punitive damages against defendants, and each of them according to proof at trial;

(3)  For civil penalties and such other penalties per each separate violation as authorized by statute;

(4)  For attorney's fees where authorized by statute or law;

(5)  For costs of suit; and

(6)  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury of all issues so triable under the law.

Respectfully submitted this 1st day of October, 2014.

BY:

DAVID JOHNSON

## **VERIFICATION BY CERTIFICATION**

Under penalties as provided by law 28 U.S.C. § 1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he verily believes the same to be true.

DAVID JOHNSON

David Johnson
845 Lyman Avenue, 2N
Oak Park, Illinois 60304
312-912-5035